Ex parte Brenda Joyce MITCHELL, George William Scott, Gwen Lavern Gaetjen, Ruby Marie Helton, Suzy Ann Cray & Pak Young Davenport, Appellants.

Nos. 59444–59449.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 17, 1980.

Mickey R. Palmer, Houston, for appellants.

Carol S. Vance, Dist. Atty., & Clyde A. Wilson, Jr., Connie Williams, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

Appellants appeal from convictions in a joint trial before a jury for violation of Article 667–19B(e) of the Texas Liquor Control Act,[1] now Texas Alcoholic Beverage Code Annotated, title 4, section 104.01(4) (Vernon Supp.1980), solicitation of drinks. The court assessed punishment for each appellant at $100.00 fine.

Four Houston police officers testified that, on the night of August 20, 1976, they went to the Oriental Lounge in an undercover capacity. Officer J. L. Pratt entered the bar alone. Appellant Gaetjen sat at his table and asked him to buy her a drink and appellant Mitchell came to the table and told him that if he wanted Gaetjen to remain at his table he would have to buy her a drink. Pratt purchased the drink. Appellant Mitchell was charged with soliciting J. R. Pratt to buy drinks for consumption by Gaetjen. Pratt also testified that he saw appellant George Scott behind the bar. Appellant Scott is charged with permitting the solicitation of drinks.

Officer R. Vasquez testified that he entered the bar alone and sat at a table with Officer A. J. Davis. Appellant Cray came to the table and asked if Vasquez would like to buy her a drink. Vasquez bought her a drink and danced with her. When she finished the one drink, she told him she could not sit with him if he did not buy her another drink. Vasquez also testified that the manager of the bar, appellant George Scott, was behind the bar that evening. Appellant Cray is charged with soliciting R. Vasquez to buy drinks for her.

Officer A. J. Davis testified that he entered the bar with Officer Vasquez. They were seated by appellant Cray and appellant Davenport sat down beside him and asked him to buy her a drink. Appellant Gaetjen approached the table and asked Davis if he wanted to buy the lady a drink. He bought Davenport a drink but refused to buy her a second one. Davenport told him that if he did not buy her another drink she could not sit with him. Appellant Davenport is charged with soliciting A. J. Davis to buy drinks for her. Appellant Gaetjen is charged with soliciting C. J. Davis, a female officer who remained outside the bar and did not testify, to buy drinks for Davenport.

Officer D. E. Harrell testified that he entered the bar alone and sat at a table alone. Appellant Ruby Helton came to his table, sat on his lap, and asked him to buy her a bottle of champagne. He refused and she told him that "they made profits off of selling these drinks," and that unless he bought her a drink she could not stay there and talk to him. A waitress, who is not involved in this appeal, came to the table and told him that Helton could not remain at the table unless he bought her a drink. Appellant Helton is charged with soliciting D. E. Harrell to buy her drinks.

Each appellant contends that the court erred in consolidating all six causes and trying them at the same time before the same jury where none of them agreed to a joint trial. In ordering the joint trial, the court relied on Article 36.09, V.A.C.C.P., which provides:

"Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that in cases in

1. Article 667–19B, supra, provided:

"For the purposes contemplated by this Act, conduct by any person at a place of business where the sale of beer at retail is authorized that is lewd, immoral, or offensive to public decency is hereby declared to include but not be limited to the following prohibited acts; and it shall be unlawful for any person engaged in the sale of beer at retail, or any agent, servant or employee of said person, to engage in or to permit such conduct on the premises of the Retailer:

" * * *

"(e). Solicitation of any person to buy drinks or beverages for consumption by the Retailer or his employees.

" * * *."

which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants."

Appellants argue that the six charges do not constitute "the same offense" and did not grow out of "the same transaction." We agree.

Article 36.09, supra, provides that two or more defendants may be tried jointly if they are charged with the same offense or any offense growing out of the same transaction. This Court has not previously been called upon to decide what constitutes "same transaction" for purposes of joinder of defendants.[2] Such a determination requires consideration of the facts in each case.

■ In the case at bar, each appellant was charged in a separate information which made no reference to other charging instruments and failed to allege any joint action.[3] Each information alleges that the offense occurred on the same date at the same address, and all allege a common employer. However, each information alleges that the employee solicited from a different complaining witness: appellant Mitchell is alleged to have solicited J. R. Pratt; appellant Gaetjen is alleged to have solicited C. J. Davis; appellant Helton is alleged to have solicited D. E. Harrell; appellant Cray is alleged to have solicited R. Vasquez; and

appellant Davenport is alleged to have solicited A. J. Davis. Appellant Scott's information alleges that, as a licensed retailer, he permitted "employees" to solicit "persons" to buy drinks for consumption by "employees."

It could be argued that Scott's offense grew out of the same transaction as the offenses of his employees. He could be convicted upon proof that an employee committed the illegal "transaction" and that he permitted that transaction to occur. The joinder of Scott and one of the employees might have been proper. However, we cannot say that the joinder of Scott with all of the employees, who were improperly joined among themselves, resulted in a fair trial for Scott.

■ A defendant's guilt should be determined on the basis of evidence admissible against him. Article 36.09, supra, is partially based upon the recognition that, even in cases where more than one defendant is charged with the same offense or offenses arising out of the same transaction, there is the possibility in joint trials that a jury might confuse evidence or consider evidence admissible against only one defendant in determining the guilt of another defendant. In such situations, Article 36.09, supra, requires that the joint trial should be severed when one defendant makes a timely motion and offers evidence that he will be prejudiced by a joint trial.

The State contends that, because appellants made no timely motion to sever and offered no evidence of prejudice, the joint trial was proper.

2. However, in a case similar to the one at bar, *Walker v. State*, 146 Tex.Cr.R. 138, 171 S.W.2d 887 (1943), we discussed "same transaction" for purposes of double jeopardy. The defendant illegally sold liquor to two liquor agents, one bottle to each, only a few minutes apart. We held that the sales of two different bottles to two different persons were separate and distinct transactions, even though the sales occurred at approximately the same location and were only moments apart.

3. Mitchell was charged with soliciting Pratt to buy drinks for Gaetjen. Gaetjen was not charged with soliciting Pratt but was charged with soliciting C. J. Davis to buy drinks for

Davenport. Davenport was charged with soliciting A. J. Davis to buy drinks for her. Gaetjen's appeal is not before us because she was granted a new trial by the trial court. However, we note that had Mitchell and Gaetjen both been charged with solicitation of Pratt or had Gaetjen and Davenport both been charged with solicitation of A. J. Davis, as the evidence showed, we would be faced with a different question. Solicitation by two employees of the same customer to buy a drink for consumption by one of the employees presents much stronger support for the contention that the two charges grow out of the same transaction than does the situation before us.

 The offenses charged did not grow out of the same transaction, therefore, it was not within the court's discretion to order a joint trial over appellants' objection. Even if we could say that the offense grew out of the same transaction, appellants had no notice that a joint trial would be ordered until after counsel for the appellants announced ready for trial for each individual appellant.

At the close of the evidence, appellants' trial counsel requested that he be sworn and allowed to testify in support of his motion for mistrial based on the improper consolidation. He testified that, prior to the beginning of the trial, the State announced ready and he announced ready on each separate case. Then, for the first time, he was informed of the State's motion to consolidate the trial. He did not anticipate a consolidation and was not prepared to file a motion to sever or offer evidence to support the motion.

The record reflects that after the State and appellants announced ready and before the court ruled on the State's motion to consolidate, the court heard argument from both sides regarding the consolidation. Counsel for appellants strenuously objected to the motion, arguing that the charges did not involve the same transaction and that a joint trial was, therefore, improper. Counsel continued to raise the objection during the trial and in a motion for mistrial at the close of the evidence.

 We hold that, under these facts, no motion to sever prior to trial was required. Prior to appellants' announcement of ready, a joint trial had not been ordered, there was no indication that a joint trial would be ordered, and there was no proper basis upon which to order a joint trial. Appellants objected at every opportunity.

While we do not hold that a showing of actual prejudice or harm is required where there was no basis for the joint trial, we note that the record reflects that, during deliberation, the jury sent six requests to the court regarding witnesses' testimony. These requests make it apparent that the jury was confused about "who did what to whom." Such confusion probably would not have occurred had there not have been a joint trial.

 Appellant Mitchell contends that the evidence was insufficient to support her conviction because the information charged her with soliciting J. R. Pratt while the complaining witness who testified against her was actually named J. L. Pratt.

In *Martin v. State*, 541 S.W.2d 605 (Tex. Cr.App.1976), we held that "[a] middle name or initial may be disregarded; a material variance between the allegation and the proof of the middle name or initial is neither material nor fatal." See also 1 Branch's Ann.P.C.2d, Section 482.

Appellant Gaetjen was granted a new trial in the trial court and her purported appeal is dismissed.

The judgments against appellants Mitchell, Scott, Helton, Cray, and Davenport are reversed and the causes are remanded.