Carl Lee CALLOWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 004 CR.

Court of Appeals of Texas,
Beaumont.

May 2, 1984.

Rehearing Denied May 17, 1984.

Petition for Discretionary Review
Granted March 27, 1985.

W.E. Harper, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty.,
Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was indicted for the offense of Aggravated Possession of a Controlled Substance, namely, cocaine. Appellant entered his plea of not guilty, and a jury found him not guilty of such offense but found him guilty of the Lesser Included Offense of Possession of a Controlled Substance. The trial court found the enhancement paragraph alleging a prior final conviction for the offense of murder to be true and assessed his punishment at confinement for a period of thirty years.

Appellant contends in his nineteenth through twenty-second grounds of error that his conviction "cannot stand" for the reason that "the title or caption of House Bill 730 (H.B. 730), which amended the Texas Controlled Substances Act [under which appellant was tried and convicted], violates Article III, Section 35 of the Constitution of the State of Texas...." We agree with appellant's contention that the subject amendment, enacted as Acts 1981, 67th Leg., p. 698, ch. 268, is unconstitutional, as so declared by *Ex Parte Crisp*, 661 S.W.2d 944 (Tex.Crim.App.1983). However, we do not agree that for such reason, appellant's conviction "cannot stand."

*Ex Parte Crisp, supra,* specifically holds that if an amendment to an act is declared unconstitutional and invalid, the prior original act remains in full force and effect, and

held further that "the Controlled Substances Act stands as though H.B. 730 had never been enacted."

The indictment in the case at bar alleged a criminal offense under the law as it existed before H.B. 730 was passed, and the evidence was sufficient to sustain the conviction. These grounds of error are overruled. *See Ex Parte Crisp, supra,* and *Bass v. State,* 661 S.W.2d 954 (Tex.Crim. App.1983).

Appellant's seventh ground complains of error by "denying the motion to withdraw as counsel for appellant made by appellant's attorney based upon a conflict of interest between appellant and a co-defendant also represented by appellant's attorney...."

The record before us reflects that the indictment against appellant was returned on May 6, 1982. The trial began on August 18, 1982. Appellant's counsel addressed a letter to the trial judge, which was received by the judge on July 27, 1982, wherein the judge was advised:

"I visited with [appellant] today and he desires that I withdraw since he is back in jail and is not going to be able to afford an attorney on any of his cases. I believe that it would be better if one lawyer represented him on all three of theses [sic] cases....

"... In any event, I feel like I should not represent this man on these cases. One reason, I represent one of the co-defendant's [sic] and I can see a clear conflict of interest at this time. I represented the co-defendant prior to representing [appellant] on [this cause] and I anticipated at that time that there would not be a conflict but apparently there is going to be a serious conflict and for the above enumerated reasons I would like to be relieved of representing the defendant."

On the day the above letter was received by the court, a motion to withdraw as counsel was filed by appellant's counsel stating, "The Defendant ... desires that this attorney withdraw so that the same attorney can handl [sic] all cases pending against him at the present time." At the bottom of the page containing this motion appears an order denying this motion. This motion and order denying same was filed on July 27, 1982.

The only reference to counsel's "conflict of interest" as stated in his letter, appears in the record immediately following the time the jury was selected, sworn, and appellant had entered his plea of not guilty before the jury; at which time appellant's counsel sought permission from the court to "make my bill regarding the motion to withdraw." Whereupon, counsel then stated:

"I would like the evidence to show that I represent one of the co-defendants, that I firmly believe that there is a conflict of interest that developed on or about the time I filed this motion. And I did not recognize the conflict of interest to be as serious or would have any bearing on the case until such time as I notified the Court. Also Mr. Calloway has requested that I withdraw from his case even though I did not get his signature on the motion to withdraw. For that reason I believe that due to the conflict of interest that I should be allowed to withdraw and not be required to try this case due to the fact that there is a conflict of interest."

Upon inquiry by the court, appellant's counsel stated that Willie Bennett was the co-defendant, that his case was still pending and that Bennett "has already incurred the expense of an attorney and investigation. He hired me prior to Mr. Calloway and I believe it would work a hardship on Mr. Bennett to force him for me to withdraw from his case and him not be allowed to use the attorney of his choice since he employed me first." The court then states into the record "The Court, on the motion to withdraw as counsel, finds that the Defense Counsel represents two defendants, the co-defendant in the cause, and that being privately retained in each cause number, since the co-defendant Willie Bennett's case has not been disposed of, Defense Counsel can withdraw as attorney in Mr.

Bennett's case and continue to represent Mr. Calloway."

It is clear from the record that the conflict of interest was raised and brought to the attention of the trial court by the letter filed July 27, 1982. The proceedings, as reflected by the above quotations from the record, are concerned with the formal motion to withdraw, as made by appellant's counsel in his bill of exceptions. The motion to withdraw has previously been overruled on the date it was filed. The motion to withdraw did not contain any allegations of conflict of interest. The record is void of any hearing to determine the question of conflict of interest which was brought to the attention of the trial court.

■ The record before us shows that, in view of the letter written by counsel and received by the trial court, the court knew or should have known that a potential conflict of interest existed for counsel representing appellant and his co-defendant. At that point the court had an affirmative duty to hold a hearing and determine whether the risks inherent in co-representation in this case were too remote to warrant separate counsel or to see that the appellant and his co-defendant were represented by separate counsel. *Lerma v. State*, 679 S.W.2d 488 (Tex.Crim.App.1982). Since the trial court failed to do either, we must presume that the alleged conflict of interest existed and that appellant was harmed. *Lerma v. State, supra. Lerma* further holds that a formal objection or motion is not necessary to trigger the application of this presumption of harm. It is only required that the trial court's attention be directed to the possibility that a conflict of interest exists. Once that has been done, as was done by counsel's letter to the court, the trial court's affirmative duty to inquire into the existence of such a conflict arises. This ground of error is sustained, and this cause is remanded.

Appellant's challenge to the sufficiency of the evidence has been carefully considered and the record has been carefully reviewed. The evidence is sufficient to sustain the conviction, as we have heretofore indicated. This challenge is overruled.

The judgment is reversed and the cause is remanded.