**Ruben HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–92–073 CR.**

Court of Appeals of Texas, Beaumont.

Sept. 29, 1993.

Barry Clar, Huntsville, Steven Crews, Humble, for appellant.

James Clark, Dist. Atty., Woodville, B.N. Tucker, Huntsville, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

**OPINION**

BURGESS, Justice.

A jury convicted Ruben Hernandez of aggravated assault on a correctional officer, found the two enhancement paragraphs "true", and assessed punishment at fifty years' confinement in the Texas Department of Criminal Justice, Institutional Division.

The indictment alleged Hernandez struck prison guard Jimmy Johnson in the face with Hernandez' fist during an altercation involving four other prisoners and four other prison guards.[1] The incident occurred when the guards intervened in a confrontation between black and Hispanic inmates over an earlier assault on co-defendant Acosta.

The trial court granted the state's motion for a joint trial of the five defendants. The attorney from the Inmate Defense Program filed a motion for appointment of separate counsel for each of the five defendants, on conflict of interest grounds. The court denied this motion and proceeded to trial with the single counsel for all five defendants. Appellant raises three points of error: 1) the trial court erred in granting the state's motion for joint trial and trying appellant jointly with the other defendants, 2) the trial court erred in denying appellant's motion for separate counsel based upon conflict of interest and in forcing the joint defendants to be represented by the same counsel, and 3) the trial court erred in denying appellant's motion for an interpreter. We hold the trial court abused its discretion in ordering a joint trial and denied all five defendants the effective assistance of counsel by requiring them to be tried in *one* proceeding with *one* lawyer, and erred in refusing a translator for appellant.

In analyzing point of error one, *Ex parte Mitchell,* 608 S.W.2d 915 (Tex.Crim. App.1980), is significant and controls. TEX. CODE CRIM.PROC.ANN. art. 36.09 (Vernon 1981) allows for two or more defendants, who are indicted separately, to be tried jointly for any offense(s) growing out of the same transaction. *Ex parte Mitchell* is the only case which defines "same transaction" in the context of article 36.09. The court says a determination requires consideration of the facts in each case. 608 S.W.2d at 917. In *Mitchell,* six defendants were charged, in six separate informations, with soliciting drinks from six different complainants. The court noted that each defendant was charged in a sepa-

rate information which made no reference to other charging instruments and failed to allege any joint action. All the informations alleged the offenses occurred on the same date, at the same address and with a common employer. The court held the charges did not grow out of the same transaction, therefore it was not within the trial court's discretion to order a joint trial over appellant's objection. *Id.* at 918. The Court, at 917, stated:

> A defendant's guilt should be determined on the basis of evidence admissible against him. Article 36.09, supra, is partially based upon the recognition that, even in cases where more than one defendant is charged with the same offense or offenses arising out of the same transaction, there is the possibility in joint trials that a jury might confuse evidence or consider evidence admissible against only one defendant in determining the guilt of another defendant.

Our cases are strikingly similar to those in *Mitchell.* There are five defendants charged in five separate indictments with different grades of assaults against five different victims. All of the offenses occurred at the same location at or near the same time. Following the rationale of *Mitchell,* it was an abuse of discretion to grant the motion to consolidate in view of the defendants' objections.

Moreover, the abuse of discretion must be viewed in light of the trial court's refusal to appoint separate counsel for each defendant. Counsel explained to the trial judge that it was impossible to argue any type of punishment recommendation to the jury without pointing out the various differences between the defendants. Counsel even alluded to his dilemma in his jury argument at the punishment phase.

None of the cases cited by the state address the situation before us. *Almanzar v. State,* 702 S.W.2d 653 (Tex.Crim.App.1986),

---

1. The unpublished companion cases filed this day are: *Acosta v. State,* No. 09–92–072 CR, 1993 WL 390008 (Tex.App.—Beaumont, Sept. 29, 1993, n.p.h.); *Ledon v. State,* No. 09–92–074 CR, 1993 WL 390003 (Tex.App.—Beaumont, Sept. 29, 1993, n.p.h.); *Robledo v. State,* No. 09–92–075 CR, 1993 WL 389969 (Tex.App.—Beaumont, Sept. 29, 1993, n.p.h.); and *Salas v. State,* No. 09–92–076 CR, 1993 WL 389968 (Tex.App.—Beaumont, Sept. 29, 1993, n.p.h.).

involved joint retained representation. Moreover, there was no pretrial objection, only a post trial compliant. The court of criminal appeals found *no actual* conflict of interest, thus no error. In *Ferguson v. State*, 639 S.W.2d 307 (Tex.Crim.App.1982), there was no objection at trial to the dual representation. Here again the court found no conflict thus no ineffective assistance of counsel.

*Calloway v. State*, 699 S.W.2d 824 (Tex. Crim.App.1985), was a case which reversed this court, 700 S.W.2d 3 (Tex.App.—Beaumont 1984). This court, based primarily on *Lerma v. State*, 679 S.W.2d 488 (Tex.Crim. App.1984) (opinion on rehearing), held it was error for the trial court not to hold a hearing to determine if a conflict of interest existed. The court of criminal appeals discussed *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d. 426 (1978), and *Lerma*, 679 S.W.2d at 488. The court found no error since appellant never advanced any valid basis for his conflict of interest claim.

*Holloway v. Arkansas* is the flagship case. Chief Justice Burger acknowledged the rule announced in *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), that requiring joint representation is not per se violative of constitutional guarantees of effective assistance of counsel. 435 U.S. at 482, 98 S.Ct. at 1177, 55 L.Ed.2d at 433. The Court further states:

> Additionally, since the decision in Glasser, most courts have held that an attorney's request for the appointment of separate counsel, based on his representations as an officer of the court regarding a conflict of interests, should be granted [citations omitted]. . . . An 'attorney representing two defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict exists or will probably develop in the course of a trial' [citation omitted]. . . . Finally, attorneys are officers of the court, and 'when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath' [citation omitted]. We find these considerations persuasive.

435 U.S. at 485, 98 S.Ct. at 1178, 55 L.Ed.2d at 435.

The Court went on to reaffirm that whenever a trial court improperly requires joint representation over a timely objection, then a reversal is automatic. Furthermore prejudice is presumed regardless of whether is was independently shown. 435 U.S. at 488, 98 S.Ct. at 1180, 55 L.Ed.2d at 437. They went on to say, in very impressive language:

> Moreover, this Court has concluded that the assistance of counsel is among those 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error' (citation omitted). . . . Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing. For example, . . . it may well have precluded defense counsel . . . from exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution, provided a lesser charge or a favorable sentencing recommendation would be acceptable. Generally speaking, a conflict may also prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or *from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another.* (emphasis added). . . . Finally, a rule requiring a defendant to show that a conflict of interests—which he and his counsel tried to avoid by timely objections to the joint representation—prejudiced him in some specific fashion would not be susceptible of intelligent, evenhanded application. In the normal case where a harmless-error rule is applied, the error occurs at trial and its scope is readily identifiable. Accordingly, the reviewing court can undertake with some confidence its relatively narrow task of assessing the likelihood that the error materially affected the deliberations of the jury. (citations omitted). *But in a case of joint representation of conflicting interests the evil—it bears repeating—is in what the advocate*

*finds himself compelled to refrain from doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process.* (emphasis added). It may be possible in some cases to identify from the record the prejudice resulting from an attorney's failure to undertake certain trial tasks, but even with a record of the sentencing hearing available it would be difficult to judge intelligently the impact of a conflict on the attorney's representation of a client. And to assess the impact of a conflict of interests on the attorney's options, tactics, and decisions in plea negotiations would be virtually impossible. Thus, an inquiry into a claim of harmless error here would require, unlike most cases, unguided speculation.

435 U.S. at 489–491, 98 S.Ct. at 1181–82, 55 L.Ed.2d at 437–438.

Despite the admonitions of our highest court, we will indulge in unguided speculation about the harm suffered.

The following chart capsulizes each case:

| Defendant | Charge | Victim's Injury | Weapon | Punishment | Priors |
|---|---|---|---|---|---|
| Acosta | Agg. Assault w/deadly weapon | neck | lock | life | 8 yrs. burg. hab. 15 yrs. burg. hab. |
| Hernandez | Agg. Assault | head | n/a | 50 yrs. | 3 yrs. burg. 15 yrs. att. burg. 15 yrs. burg. hab. |
| Ledon | Agg. Assault w/deadly weapon | knee | knife | life | 15 yrs. burg. hab. 15 yrs. burg. hab. |
| Robledo | Agg. Assault w/deadly weapon | mouth | lock | 99 yrs. | 5 yrs. arson 5 yrs. Unauth. use motor vehicle |
| Salas | Agg. Assault | head (kicked) | n/a | 99 yrs. | 25 yrs. del. heroin 25 yrs. del. heroin 25 yrs. del. heroin 5 yrs. burg. veh. |

This chart shows that despite varying acts of assault and varying criminal histories, the jury virtually treated the defendants identically at punishment. For example, Robledo's criminal history is mild compared to the other defendants, yet Robledo receives 99 years. Acosta uses a lock as a weapon while Ledon uses a shank or knife, yet they receive the same punishment. It is unguided speculation that the jury would have treated the defendants differently if they each had been afforded separate lawyers. It is not speculation, however, that the separate lawyers could, and we submit would, have argued the differing degrees of assault and differing criminal backgrounds of each of the defendants; attempting to put their own client in the best possible light. The single lawyer for all five defendants could not do this, there-

fore, all the defendants were denied effective assistance of counsel.

■ By the denial of appellant's motion for an interpreter, appellant is being penalized because he understands and speaks *some* English. The record is woefully deficient as to any meaningful inquiry into appellant's understanding of English as it relates to criminal proceedings. The participants below were more concerned about the cost of the translator than the plight of the non-English speaking defendant. We hold the trial court committed reversible error in refusing appellant's request for a translator without first determining appellant's understanding of English as it relates to criminal proceedings.

Accordingly, we reverse each case and remand for either five separate trials or a consolidated trial, each defendant having separate counsel and this appellant being furnished a translator.

REVERSED AND REMANDED.

BROOKSHIRE, Justice, dissenting.

This dissent is filed respectfully.

The appellant is appealing his conviction for aggravated assault on a correctional officer. The jury found the appellant guilty of the offense of aggravated assault on a correctional officer and assessed punishment at fifty years confinement in the Texas Department of Criminal Justice, Institutional Division. This appeal followed.

### Statement of Facts

On August 6, 1991, the appellant, an inmate, was in the recreation yard at the Gib Lewis Prison Unit of the Texas Department of Criminal Justice in Tyler County. The appellant struck the complainant, Jimmy Johnson, a correctional officer, in the side of the head while the guard was restraining another inmate. The assault alleged arose out of a confrontation between several Hispanic and Black inmates resulting from a previous attack on appellant by a Black inmate. The prison officers interceded between the two groups of inmates and subsequently five guards were allegedly assaulted.

The appellant and four other inmates were indicted for the alleged assaults. Each inmate was indicted for an assault on a different prison officer. There was no allegation that the inmates acted in concert with each other or that any one of the inmates aided in the assault on any other guard or assaulted any other guard other than the guard named in his individual indictment. All the alleged assaults occurred in relatively close proximity to each other.

### Points of Error

The appellant in his first point of error alleged that the trial court erred in granting the State's motion for joint trial and in trying the appellant jointly with four other defendants.

The appellant argues that the trial court abused its discretion by trying the five inmates jointly. *See Ex parte Mitchell,* 608 S.W.2d 915 (Tex.Crim.App.1980); TEX.CODE CRIM.PROC.ANN. art. 36.09 (Vernon 1981).

Under article 36.09, severance is not a matter of right, but is addressed to the sound discretion of the trial court. *See Sonderup v. State,* 418 S.W.2d 807 (Tex.Crim.App.1967). Severance may be granted if all the defendants have prior admissible convictions, but valid, compelling grounds for severance must be based on the fact that the joint trial would be prejudicial. Whether prejudice would result rests within the sound discretion of the trial court as of the time the court ruled. *Thornton v. State,* 451 S.W.2d 898 (Tex.Crim. App.1970).

The record reflects that a motion for severance was not filed. Furthermore, the appellant has not shown how he would be prejudiced. When no evidence is offered on a motion for severance or opposing a motion for joint trial, no abuse of discretion is demonstrated. Therefore, I would overrule point of error number one.

In point of error number two the appellant alleges that the trial court denied his motion for separate counsel based on the conflict of interest and in forcing him and his co-defendants to be represented by the same counsel. But appellant has failed to discharge his evidentiary burden. The appellant argues

that he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 10 of the Texas Constitution due to a conflict of interest of counsel in representing appellant and his four co-defendants. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986). The appellant concedes in his brief that multiple representation of defendants in a joint trial is not per se a violation of the appellant's rights to effective assistance of counsel. *See James v. State,* 763 S.W.2d 776 (Tex.Crim.App.1989). One attorney may represent more than one defendant in a trial court without necessarily preventing the opportunity of a fair and impartial trial for all defendants. *See Almanzar v. State,* 702 S.W.2d 653 (Tex.Crim.App. 1986). Appellant has failed to demonstrate that a probability exists that the results would have been different.

Where the trial court is not aware of any conflict of interest (no evidence having been offered), then the trial court has no duty to look into the propriety of one attorney representing joint defendants. *See Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The appellant argues that his appointed counsel did bring the conflict of interest issue to the trial court's attention by requesting separate counsel for each of the defendants. Therefore, the trial court, appellant alleges, was under a duty to make separate counsel available. *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). I cannot agree. The mere assertion of a conflict of interest does not amount to ineffective assistance of counsel. Nor does such assertion mandate separate counsel. *See Almanzar, supra; Ferguson v. State,* 639 S.W.2d 307 (Tex.Crim.App. 1982).

Although a conflict of interest may exist, some harm or prejudice to the defendants must be shown in order to establish a sixth amendment violation. *Raspberry v. State,* 741 S.W.2d 191 (Tex.App.—Fort Worth 1987, pet. ref'd). Appellant failed in this.

In the case at bar, all five defendants are charged with five different assaults on five different individuals. There is no conflict of interest as to culpability because each defendant is accused of assaulting a different victim. Counsel in the trial at bar was representing five different clients whose defenses do not bear upon each other. Each assault is a separate and individual crime joined together only for the purpose of judicial economy.

Prejudice will be presumed only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his performance. The appellant has not advanced a valid basis for his claim of a possible conflict of interest. *See Calloway v. State,* 699 S.W.2d 824 (Tex.Crim.App.1985). Therefore, point of error number two should be overruled.

Appellant's third point of error contends that the trial court erred in denying appellant's motion for an interpreter. The appellant argues in his brief that he had met the requirements that the Court of Criminal Appeals had established in *Garcia v. State,* 151 Tex.Cr.R. 593, 210 S.W.2d 574 (1948). In *Garcia,* the two-prong test was that (1) the appellant must show an inability to understand English; and (2) the appellant must make a timely request for an interpreter. Therefore, under *Garcia* he contends he should have been given an interpreter.

In the case at bar, a hearing was held on the motion to determine whether the appellant needed an interpreter. At this pre-trial hearing, the appellant answered in English all the questions asked him by both his attorney and the prosecutor. Also, the appellant unequivocally states in his brief that he speaks and understands some English. The Court's opinion cynically and dissemblingly bemoans that the hearing on the motion for an interpreter was woefully deficient.

The defense counsel stated that all the other defendants, except Hernandez, had an excellent command of the English language and did not need an interpreter. On this motion for an interpreter, the trial court commendably stated clearly in the record that it wanted to hear all the evidence on this point and it did so. The appellant Hernan-

dez definitely and applicably responded to all the questions presented to him on cross-examination. Hernandez stated he had entered the U.S. illegally. Hernandez understood the questions on immigration.

Hernandez recognized and identified his pen-packet. He knew his TDC number. Hernandez had pleaded guilty to felonies in Harris County. He received two sentences to run concurrently. Among other things, Hernandez made a written waiver of indictment in two cases. *See and compare Vargas v. State*, 627 S.W.2d 785 (Tex.App.—San Antonio 1982, no pet.).

TEX.CODE CRIM.PROC.ANN. art. 38.30 (Vernon Supp.1993), entitled "Interpreter", states that when a motion for the appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, and it is determined that a person charged or a witness *does not understand* and speak the English language, an interpreter must be sworn to interpret for him. However, in the case at bar, there is ample evidence that the appellant did have a grasp of the English language. Also, the appellant understood and communicated in the English language well. The trial judge was in a superior position to observe the appellant. No abuse of discretion is shown. The record is woefully deficient, however, on the appellant's first and second points of error. The mere fact that the accused may be more fluent in Spanish does not in and of itself make it incumbent upon the trial court to appoint an interpreter for the appellant who speaks and understands the English language. *See Flores v. State*, 509 S.W.2d 580 (Tex.Crim.App. 1974). Point of error number three is overruled.

### Point of Error Two Revisited

The appellants have a uniform point of error number two reading: "The trial court erred in denying the appellants' motion for separate counsel based upon conflict of interest and in forcing the appellant and his joint defendants to be represented by the same counsel." In a previous paragraph in this dissent, I concluded that this point had been waived.

Appellant and each of the other four concede that multiple representation of defendants in a joint trial is not, in and of itself, a violation of the appellant's right to effective assistance of counsel. *James v. State*, 763 S.W.2d 776 (Tex.Crim.App.1989). However, it is observed that the appellant alleges that once an alleged conflict of interest is brought to the trial court's attention then the trial court should make separate counsel available. Appellant contends that his counsel was prevented from attempting to engage in any favorable plea bargaining. However, nothing was shown that such a favorable plea bargain would have been forthcoming from the State. No relevant bill of exception exists.

Furthermore, if one or two of the accused were, under the totality of the facts, entitled to a very favorable plea bargain arrangement, I do not perceive that counsel could not approach the State on this matter. There is no showing, however, that any attempt was made to do that by counsel for the accused; nor is there any showing that the State was disposed to engage in any plea bargaining. The mere, bare assertion of a conflict of interest does not prove the same; nor does it amount to ineffective assistance of counsel. Furthermore, some harm or prejudice to one or more of the accused must be shown. A realistic conflict of interest should be demonstrated to show a violation of the Sixth Amendment to the United States Constitution. *See and compare Raspberry v. State*, 741 S.W.2d at 196. In this record it must be remembered that each one of the five accused was charged with distinct and different assaults on five different individuals. There was no shown conflict of interest as to culpability. Each of the accused was indicted for assaulting a different victim and the cases were fairly tried on that basis.

On balance, I perceive that the appellate test is whether the trial judge abused his discretion. I conclude the trial judge engaged in no abuse. To correctly determine a pragmatic and realistic conflict of interest that prejudiced the rights of an accused, we are to apply a two pronged test. We are to consider whether trial counsel actively represented conflicting interests and also whether an actual conflict of interest adversely affect-

ed his performance. The joint representation here did not constitute an active representation of conflicting interests or of competing interests. *Id.* at 197.

Moreover, I do not think that trial court was obliged or forced to adduce evidence or testimony that would benefit one defendant at the expense of another accused during the hearing on the motion in question. No bills of exception were perfected. Here, each assault constituted a separate and individual factual situation joined together for the purpose of judicial economy. The fact situations arose from the same criminal transaction.

Prejudice may not be presumed unless a defendant demonstrates that counsel actively and affirmatively represented conflicting interests in the trial. Moreover, it must be shown such actual conflict of interest adversely affected an accused and that accused counsel's performance. These appellants have failed to properly demonstrate such prejudice or conflict. I think that the State's position is correct on waiver because of the plain provisions of article 28.01(1). Under section 1 of this article and especially section 2, a court may set (in any criminal case) a pretrial hearing. This hearing is to be conducted before the case is tried on the merits. At the pretrial hearing there shall be determined the following matters, the pleadings of the defendant or any special pleas of the defendant. Section 2 reads:

> When a criminal case is set for such pretrial hearing, any such preliminary matters not raised or filed within seven days before the hearing will not thereafter be allowed to be raised or filed except by permission of the court for good cause shown.

Hence, the motion for separate counsel was not timely filed and urged under the Code of Criminal Procedure and was thereby waived. There was no special permission granted by the trial court based upon good cause.

It clearly appears from the record and, in fact, the trial judge so stated in the record that it was his understanding that a motion for separate counsel was not going to be either presented or urged. I do not think the trial judge lied or misrepresented the facts or the record. The prosecution took the position that in view of the background of the situation and in view of the pretrial hearings that the said motion for separate counsel was, in reality, a motion to postpone or continue the case.

It was not necessarily intended in this case but the procedural defect or trap in this matter is subject to widespread abuse because the accused using this majority opinion as authority could not urge or present the motion until the last minute and then have built-in, reversible error. Stated differently the accused could use the strategy. He could go ahead and try the case hoping maybe the jury would acquit. If the jury does not acquit, the accused would have reversible error.

Such a strategy and tactic is not a sound procedural concept; the same is basically, deeply flawed. It seems apparent that at the time the matter was presented to the trial judge, that it would have been impossible to line up and appoint four additional trial lawyers who were capable and qualified of giving competent legal advise and performing competent and effective legal services in cases of these types.

Furthermore, article 28.01 section 2 clearly provides that when a criminal case was set for a pretrial hearing, any such preliminary matters or such motions not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed except by permission of the court for good cause shown. The matters that are required to be presented at the pretrial hearing are any of the pleadings of the defendants or special pleas of the defendant among other matters.

Furthermore, the defendants herein certainly did not urge the motion at a time when the trial judge could have adhered and heeded article 26.051(f) as well as article 26.-051(d), (e). Appellant violated article 27.-02(2), (8) as well as article 28.01. Nor, was the trial court given an opportunity to comply with TEX.CODE CRIM.PROC.ANN. art. 26.-051. Judge Stover simply did not abuse his judicial discretion. I would affirm.