

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00315-CR

THEL CHOK NGUNG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 23,534-C, Honorable Ana Estevez, Presiding

May 23, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Thel Chok Ngung, appeals the trial court's judgment of conviction for felony driving while intoxicated and the resulting ten-year sentence of incarceration.[1] On appeal, appellant contends that the trial court abused its discretion when it denied his *pro se* request for an interpreter and that trial counsel rendered ineffective assistance by failing to urge a separate motion requesting an interpreter. We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (West Supp. 2013).

Factual and Procedural History

Because appellant challenges only the trial court's denial of his request for an interpreter and trial counsel's failure in connection with this request and denial, we limit our recitation of the facts to the minimal facts necessary to place appellant's contentions in the proper context.

Appellant was sighted driving northbound on Interstate 27 between Canyon and Amarillo. He was driving on two rims and causing sparks to fly as he continued to drive very slowly down the freeway, causing snarls in the fairly heavy traffic as cars were forced to make evasive maneuvers. Fellow motorists reported his erratic, dangerous driving, and Texas Department of Public Safety and Randall County officers located and stopped appellant. Following their investigation, appellant's failure of field sobriety tests, and the results of a breathalyzer test indicating he was legally intoxicated, appellant was arrested and charged with felony DWI.

After charges were filed but before trial, appellant fled the state and went to Missouri, where he was convicted of driving while intoxicated in the interim. After having been convicted of DWI in Missouri, he was brought back to Texas to answer to the instant felony DWI charge in Randall County. At a pretrial hearing, appellant, defense counsel, and the trial court engaged in the following exchange concerning interpreters and appellant's dissatisfaction with appointed counsel:

> THE DEFENDANT: I request a translator too. And he was saying okay, I can file a motion for a translator. I have no knowledge about – if I have to speak English, if I can apply for – like, looking for a job or whatever. But I can't understand this kind of law.

THE COURT: Okay, if you don't understand something that [the State's attorney] asks the witnesses, you are certainly welcome to ask your attorney to repeat the question and make it simpler for you.

But I am communicating fine with you right now. My understanding is you have had other cases in which you did not request a translator. Is that correct?

MR. KING: It is correct.

THE COURT: Okay.

MR. KING: I called Moore County yesterday. There was no translator at either one of those proceedings.[2]

THE COURT: Or interpreters?

MR. KING: No.

THE COURT: Okay. Well, I don't see that there is a need for it.

THE DEFENDANT: So I don't have no rights so I can be able –

THE COURT: Oh, you have plenty. You are going to be exercising all of your rights today. You are going to have the right to a jury trial; you have had a right to have your case submitted for a grand jury; and in a little while you will have the right to confront witnesses through your attorney as well. So you do have rights. I am not saying you don't. And if you have a problem understanding something, you can let your attorney know. We can have them ask the questions a little slower, if that is easier for you. But it is clear to me that you are understanding me, and I am certainly understanding you. Okay?

Seemingly still dissatisfied with his representation, appellant responded to the trial court, returning to his initial complaints regarding defense counsel's shortcomings and failures:

THE DEFENDANT: That is what I was saying. Because it seems that I don't have no right. If I have a right so I choose someone who did not understand what I was – he did not apply for the questions that I was explaining to him, and he don't want it. And like – I have been asking a question to him and he was, like, "Okay, they have three witnesses." At

<hr>

[2] Trial counsel refers to two misdemeanor DWI convictions out of Moore County, convictions which were alleged by the State as previous convictions to elevate the instant offense to a third-degree felony. *See* TEX. PENAL CODE. ANN. § 49.09(b)(2).

that time when I got arrested, there was no three witnesses over there. And he just told me that. So he is not defending me.

Ultimately, trial was held on the charges on August 14–15, 2013, after which a Randall County jury found appellant guilty of the charged offense and assessed punishment at ten years' incarceration. Appellant timely appealed from the trial court's judgment reflecting said verdict.

## Trial Court's Denial of Interpreter

Appellant contends that the trial court abused its discretion by denying his request for an interpreter for these proceedings.

### Applicable Law and Standard of Review

"It is well settled that if a defendant cannot hear or does not speak English well enough to understand the trial proceedings or communicate with counsel, fundamental fairness and due process of law require that an interpreter be provided to translate between English and the accused's own language." *Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009); *Orellana v. State*, 381 S.W.3d 645, 657 (Tex. App.—San Antonio 2012, pet. ref'd). The right to an interpreter is part of an accused's constitutional right to confrontation and a matter of due process. *Orellana*, 381 S.W.3d at 657 (citing, *inter alia*, U.S. CONST. amends. VI, XIV and TEX. CONST. art. I, § 10). In Texas, an accused also enjoys a statutory right to an interpreter, which is governed by the following provision, in pertinent part:

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English

4

language, an interpreter must be sworn to interpret for the person charged or the witness.

TEX. CODE CRIM. PROC. ANN. art. 38.30(a) (West Supp. 2013).

The determination of whether the defendant needs an interpreter is a decision that lies within the trial court's discretion. *Abdygapparova v. State*, 243 S.W.3d 191, 201 (Tex. App.—San Antonio 2007, pet. ref'd). That the accused may be *more* fluent in a language other than English does not warrant the appointment of an interpreter so long as the accused can speak and understand the English language. *See id.* Courts have recognized a two-pronged approach to evaluating an Article 38.30 complaint: (1) the defendant must show an inability to understand English, and (2) the defendant must make a timely request for an interpreter. *See id.* (citing *Hernandez v. State*, 862 S.W.2d 193, 198 (Tex. App.—Beaumont 1993, pet. ref'd) (Brookshire, J., dissenting)). Here, very clearly, we have a request by appellant for an interpreter, a request that the trial court entertained but denied. We need only determine, then, whether appellant demonstrated an inability to understand English. *See id.*

Discussion

The trial court engaged in considerable direct communication with appellant and, based on that exchange and confirmation that appellant had not required an interpreter in other criminal proceedings, arrived at the conclusion that the trial court was "communicating fine with [appellant] right now." After the exchange continued for some time longer, the trial court observed that it was clear that both the trial court and appellant were understanding each other. Respectful of the trial court's position from which it could personally observe appellant and noting that the trial court's conclusion

5

was based on its own observations of appellant and its experience in communicating directly with him, we recognize that the trial court's conclusion is based on an identifiable, articulated basis in the record. *See id.* at 202–03. With that, we cannot say the trial court abused its discretion when it concluded that appellant was able to adequately speak and understand English such that he was not entitled to an interpreter under Article 38.30. *See id.* Further, based on its direct exchange with appellant, the trial court could have fairly concluded that appellant was able to hear and speak English well enough to understand the trial proceedings and communicate with counsel such that the trial court's denial of appellant's request did not violate his rights to due process of law. *See Linton*, 275 S.W.3d at 500. We overrule appellant's first point of error on appeal.

Ineffective Assistance of Counsel

Appellant also contends on appeal that trial counsel was ineffective for failure to formally request an interpreter.

<u>Applicable Law and Standard of Review</u>

The United States Constitution's guarantee of the right to counsel encompasses the right to effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts apply the two-pronged test enunciated in *Strickland*, 466 U.S. at 687. *See Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (en banc). Judicial review of an ineffective assistance of

6

counsel claim must be highly deferential, and there is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. An appellant claiming ineffective assistance of counsel bears the burden of proving by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Failure to make the required showing of either deficient performance or sufficient prejudice is fatal to an ineffectiveness claim. *See id.*

The "right to effective assistance of counsel merely ensures the right to reasonably effective [not perfect] assistance." *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006) (quoting, with alteration, *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (en banc)). This right does not mean errorless or perfect counsel whose competency of representation is to be judged by hindsight. *See Ingham*, 679 S.W.2d at 509. "Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *Robertson*, 187 S.W.3d at 483 (quoting *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992) (en banc)). Counsel's performance is judged by "the totality of the representation," and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. *Id.* The *Strickland* Court cautioned us to avoid an intrusive post-trial inquiry into attorney performance because such an inquiry would

7

encourage the proliferation of ineffectiveness challenges. *Id.* (citing *Strickland*, 466 U.S. at 690).

To that end, we are instructed that, in order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Lopez*, 343 S.W.3d at 142. The court further advises, "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id.* at 143.

Discussion

Addressing the first prong of the *Strickland* test, we evaluate whether counsel's representation fell below an objective standard of reasonableness. We first observe that it has become a well-established principle that a reasonably competent counsel need not perform a useless or futile act. *See Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005); *Gosch v. State*, 829 S.W.2d 775, 784 (Tex. Crim. App. 1991) (en banc); *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) (en banc); *see also Hull v. State*, 67 S.W.3d 215, 221 (Tex. Crim. App. 2002) (Johnson, J., dissenting) ("It is axiomatic that the law does not require a futile act.").

Here, the trial court had considered appellant's own *pro se* request for an interpreter, and it had denied the same. To require counsel to re-urge the same motion that was, moments earlier, denied—and despite counsel's own investigation indicating that interpreters had not been appointed in proceedings against appellant in another Texas county—would be to require trial counsel to do a useless thing. *See, e.g.*, *Mooney*, 817 S.W.2d at 698. Clearly, the trial court had expressed its satisfaction that

8

appellant was able to adequately communicate in English, and nothing at all in the record suggests that any new development would have changed the trial court's conclusion in that regard. Trial counsel was not required to echo a *pro se* motion that the trial court had considered and denied simply because appellant wanted him to do so. Counsel did not render ineffective assistance to appellant by failing to re-urge appellant's unsuccessful motion. Appellant has failed to satisfy the first prong of *Strickland*, and his contention that trial counsel rendered ineffective assistance fails accordingly. *See Lopez*, 343 S.W.3d at 142. We overrule appellant's second point of error.

## Conclusion

Having overruled both of appellant's points of error, we affirm the trial court's judgment of conviction. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.