Alex DIAZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–341–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 20, 1983.

Richard L. Manske, El Campo, for appellant.

Jack Salyer, Dist. Atty., Bay City, for appellee.

Before NYE, C.J. and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

Appellant, Alex Diaz, was convicted of the offense of murder by a Matagorda County jury which assessed his punishment at confinement in the Texas Department of Corrections for sixty-five years and a fine of $4,000.00.

Appellant brings a total of four grounds alleging errors in his trial. In the first, he claims the trial court erred in holding that his written confession was voluntarily given.

On April 14, 1980, the appellant was arrested in Cameron County for public intoxication. The following day he paid a fine, was released and then rearrested that same evening when officials discovered that he was driving a car with ficticious license plates. Appellant was then charged with unauthorized use of a motor vehicle. Further investigation revealed that the vehicle was stolen from Steven Stotler of Houston. Stotler was found stabbed to death in Matagorda County. The death of Stotler implicated the appellant in the murder of which he now stands convicted. On April 20, 1980, Officer Pat Tamayo of the Brownsville Police Department interviewed the appellant and obtained a written statement signed by the appellant confessing his part in the theft of the auto and the kidnapping and eventual murder of the car's owner.

At the hearing to determine the voluntariness of the confession, the appellant testified that while confined in the Cameron County Jail between April 15 and April 20, 1980, he was threatened and mistreated by jail personnel seeking to extract a confession from him. Appellant stated that 1) he was kept in solitary confinement without proper sanitary facilities; 2) the temperature of his cell was very cool and he was given no bed or blankets or other comforts; and 3) the guards threatened to turn him over to Mexican authorities who would "physically interrogate" him. The appellant did testify that the officer who took his statement treated him fairly.

Perhaps, most significantly, when defense counsel asked if appellant had given the statement because he was scared, he first replied that he feared violence from one of his co-defendants. When pressed if he was afraid of anything else, the appellant stated:

"I had never been in jail before and this also frightened me; the strain and things that go along with being in jail."

The record does not show that the appellant confessed as a result of any threats, mistreatment, coercion or promises from law officers.

Officer Tamayo, who took appellant's statement, testified that he never abused or threatened the appellant in any way. He stated he never promised appellant anything to induce a statement. He further stated that, to his knowledge, no one else

had abused, threatened or promised anything to the appellant. Officer Tamayo testified that he fully complied with the *Miranda* warnings and that the appellant knowingly and voluntarily waived his rights to remain silent and to have an attorney present. Appellant makes no argument to the contrary.

Appellant argues that the evidence shows that the pressures exerted on him resulted in an overbearing of his will so as to render his confession involuntary. See *Blackburn v. Alabama,* 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). With such a claim we examine the totality of the circumstances as shown by the record to determine whether the confession was voluntary. *Berry v. State,* 582 S.W.2d 463, 465 (Tex.Cr.App. 1979); *Farr v. State,* 519 S.W.2d 876 (Tex. Cr.App.1975). We bear in mind that the trial court was the sole judge of the credibility of the witnesses at the hearing on voluntariness and that we view the evidence in the light most favorable to the judgment. After carefully reviewing the entire record in such light, we find that the evidence, summarized above, does not show that the appellant's statement was involuntary.

██ In grounds of error two and four, the appellant asserts the trial court erred by refusing his requested charges on independent impulse and intent and knowledge.

Appellant was convicted under the law of parties. See Tex.Penal Code Ann. §§ 7.01, 7.02 (Vernon 1974). Appellant's attorney requested a charge on the law of parties [1] and a charge on independent impulse. [2]

The charge requested was substantially the same as the charge that was actually given by the trial court. *LeDuc v. State,* 593 S.W.2d 678, 684 (Tex.Cr.App.1980). There was no error in refusing the requested charges on intent and independent impulse since the charge actually given covered the areas requested and fully protected the appellant's rights. See *LeDuc v. State, supra; Curtis v. State,* 573 S.W.2d 219, 224 (Tex.Cr.App.1978). Grounds of error two and four are overruled.

██ Finally, appellant argues that the trial court erred in refusing to charge the jury on his requested charge on the voluntariness of his confession instead of the charge on voluntariness that was given. An instruction on voluntariness is required only when there is some evidence presented to the jury that the confession was not voluntary. *Brooks v. State,* 567 S.W.2d 2 (Tex.Cr.App.1978); *King v. State,* 502 S.W.2d 795 (Tex.Cr.App.1973). There was no such evidence in this case. Defense counsel cross-examined the officer who took appellant's statement. The officer denied any knowledge of any ill treatment of appellant. This was not sufficient to raise the issue. Even though the trial court was not required to give a charge of voluntariness, it did so anyway. We have reviewed the charge as given, and it was also substantially the same as the one requested by the appellant. No error is shown. Ground of error number three is overruled.

1. "Now if you find from the evidence beyond a reasonable doubt that Armando Abrego, in Matagorda County, Texas, on or about the 14th day of April, 1980, did intentionally or knowingly cause the death of an individual, Steven Charles Stotler, by cutting him with a knife, and that the Defendant, Alex Diaz, then and there knew of the intent, if any, of said Armando Abrego to cut with a knife the said Steven Charles Stotler and acted with intent to promote or assist the commission of the offense by Armando Abrego by encouraging, directing, aiding, or attempting to aid Armando Abrego to commit the offense of cutting Steven Charles Stotler with a knife, then you will find the Defendant guilty of murder as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant."

2. "Now, if you find from the evidence beyond a reasonable doubt that if there was an offense of murder committed upon the person of Steven Charles Stotler, that the Defendant, Alex Diaz, did not agree to the commission of the offense and that he had no intent to participate in any unlawful act, if any, and that he did not participate in any way in the furtherance of the purpose and design of another who was engaged in any offense, if any was committed, and never agreed to the commission of any such offense, if any, and if you so believe, or if you have a reasonable doubt thereof, you will acquit the Defendant."

The judgment of the trial court is AFFIRMED.