Clinton WEBB, Appellant,

v.

The STATE of Texas, Appellee.

Keith Earl BUSBY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 1244–86, 1245–86.

Court of Criminal Appeals of Texas, En Banc.

Jan. 11, 1989.

Lawrence B. Mitchell, Dallas, for Webb.

Keith E. Jagmin, Gerald L. Skor, Dallas, for Busby.

Henry Wade, Former Dist. Atty. & John Vance, Dist. Atty., & Gary A. Moore, Rider Scott, George West & Patricia Poppoff Noble, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Clinton Webb and Keith Earl Busby, henceforth "appellants", were both convicted in a joint trial of aggravated robbery. Appellant Webb's punishment was assessed at confinement for life in the Texas penitentiary. Appellant Busby was assessed a 50–year term of confinement. A third codefendant, John Will Webb, was also convicted of aggravated robbery in the same trial.

Prior to trial, counsel for codefendant John Webb indicated that he would produce testimony before the jury showing that his client had cooperated with the police after all three suspects had been arrested but that appellants Clinton Webb and Keith Busby had refused to speak with investigating officers about the crime. For this reason, among others, both appellants and codefendant John Webb moved for an order that John Webb be tried separately. This motion was denied by the trial judge, although he indicated that it would be subject to reconsideration during the trial.

At the guilt/innocence phase of trial, counsel for codefendant John Webb elicited testimony from a police witness that appellants Clinton Webb and Keith Busby did not cooperate with the police after they had been arrested, choosing instead to remain silent. Objections to this testimony on behalf of both appellants were overruled by the trial judge. Later, at the punishment phase of trial, counsel for codefendant John Webb argued that his client should receive a more lenient punishment because he, and not the appellants, had provided the police with information to assist them in solving the crime. Once again, objections on behalf of the appellants were promptly overruled.

On direct review, the Dallas Court of Appeals reversed the convictions of both appellants, see *Busby v. State*, 722 S.W.2d 154 (Tex.App.—Dallas 1986), holding that they had a right to be tried without adverse testimony or comment regarding the exercise of their constitutional right to remain silent after arrest. For this reason, opined the Court, the trial judge had erred both in "admitting evidence that appellants exercised their fifth amendment right to remain silent as well as allowing counsel for appellants' codefendant to comment on appellants' silence" and in refusing to grant a "severance."

We granted the State's petition for discretionary review as to both issues in order to decide the circumstances under which evidence of and comment upon a defendant's post-arrest silence by a codefendant's attorney should be excluded, and the circumstances under which separate trials should be ordered as to two or more of the codefendants involved.

The real issue is, of course, how to assure the constitutional rights of multiple codefendants with the least strain on judicial resources when diligent representation of one codefendant requires that his attorney comment on the post-arrest silence or failure to testify of another codefendant. Under such conditions, the two most readily available options of the trial judge are to suppress the evidence and comment, order

separate trials as to the codefendants, or both.

■ Clearly, if one codefendant is entitled to be tried free of comment on his silence, and the other has no duty or is not entitled to comment on the silence of the first, the trial judge need not grant separate trials; he need only exclude the comment on timely objection. Accord: *Gurleski v. United States*, 405 F.2d 253, 264–265 (5th Cir.1968). On the other hand, if one codefendant has a duty or is entitled to comment on the other's silence, and the other is not entitled to a trial free of such comment, the trial judge need not grant separate trials nor need he exclude the comment. Accord: *De Luna v. United States*, 308 F.2d 140 (5th Cir.1962). Separate trials are required in this context only when one codefendant is entitled to comment on the silence of another *and* the other is entitled to be tried free of such comment—where it would be an error against one codefendant to let the evidence in and an error against another to keep it out.

■ In the instant cause, it seems clear that both appellants were entitled to a trial free of comment concerning their post-arrest silence. It matters not that such comment came from counsel for a codefendant rather than from the prosecuting attorney. Our recent opinion in *Sanchez v. State*, 707 S.W.2d 575 (Tex.Cr.App.1986), plainly holds that any use of a defendant's post-arrest silence against him at trial without his consent violates his right to be free from compelled self-incrimination under Art. I, § 10 of the Texas Constitution. If post-arrest silence is a right assured by Art. I, § 10, we see no reason it should receive less protection from comment at trial than failure to testify as a witness.[1] Therefore, insofar as a codefendant and his attorney may not comment upon failure of the accused to testify at trial, neither may they comment upon his post-arrest silence to any greater extent than the prosecutor would be permitted to do. We hold that applicable prohibitions against adverse comment on the exercise of this constitutional right apply regardless of who makes the comment. Thus, the State's argument in this cause that no government action is involved when a codefendant's attorney makes the comment is altogether beside the point.[2]

■ Accordingly, the Dallas Court of Appeals was right to hold that the comment should have been excluded at appellants' trial. Whether the Court was also right that separate trials should have been ordered depends upon whether the codefendant was entitled to comment on appellants' post-arrest silence.

The right to make such a comment depends initially upon whether the evidence is relevant to an issue in the case. It should go without saying that no one has a right, let alone a duty, to introduce irrelevant evidence. See Tex.R.Crim.Ev., rule 402. Here, the point of the codefendant's introducing the testimony at the guilt phase of trial is altogether unclear. His attorney apparently made no use of it in argument before the jury until the punishment phase. At that time, he sought to gain a more lenient penalty because his client, and not the appellants, cooperated with the police.

Therefore, the court of appeals was wrong to hold that codefendant's counsel had a duty to elicit the testimony and to make the comments, and wrong to hold

---

1. Under the Fifth Amendment to the United States Constitution, post-arrest silence may be commented upon at trial unless the accused was warned pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Apparently, the right to be free of adverse comment in this context derives from the *Miranda* warning itself and not from any Fifth Amendment right to remain silent. Not so in Texas. Under *Sanchez*, the right to be free of adverse comment in this State is derived directly from the Texas constitutional right to remain silent.

2. Similarly, statutory prohibition against comment on a defendant's failure to testify at trial is not dependant upon whether the comment comes from a prosecuting attorney or from other counsel in the cause. Art. 38.08, V.A.C.C.P. prescribes that "... the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented upon by counsel in the cause."

that the trial judge should have granted separate trials, but right to hold that the testimony and comment on appellants' post-arrest silence should have been excluded. Accordingly, the judgment of the court of appeals and its decision to reverse the convictions of both appellants and to remand their causes to the trial court is affirmed.

DAVIS, MILLER, CAMPBELL and WHITE, JJ., concur in the result.