Chris **HUDSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–88–00054–CR.

Court of Appeals of Texas,
Tyler.

July 31, 1990.

Joe R. Green, Ebb B. Mobley, Longview, for appellant.

C. Patrice Savage, Longview, for appellee.

BILL BASS, Justice.

A jury found appellant guilty of the offense of engaging in organized criminal activity and assessed punishment at forty years' confinement in the Texas Department of Corrections. In four points of error Hudson contends the trial court erred by denying his motion to sever, by failing to grant a mistrial because the State commented on his failure to testify during final argument, and by refusing to give requested instructions in the charge. We affirm the trial court's judgment.

Appellant was tried with seven co-defendants. The evidence at trial showed that numerous law enforcement agencies were involved in an investigation conducted in Longview in 1986. As part of the investigation, co-defendants John and Judy Lindley's apartment was under surveillance and the apartment telephone was wiretapped. After obtaining a search warrant, the officers searched the Lindley's apartment and a car they were using. Over three pounds of cocaine, drug paraphernalia, weapons, and notebooks evidencing drug transactions were recovered in the search. Appellant was indicted with thirty-two others for the offense of engaging in organized criminal activity. Tex.Penal Code Ann. § 71.02 (Vernon 1989). The State alleged that appellant, with the intent to participate in a combination, conspired to commit delivery of cocaine.

In his first point of error Hudson contends the trial court erred by failing to grant his motion to sever. The State contends Hudson failed to preserve a complaint for appellate review because no final ruling was obtained on his motion. However, the court's comment during the pretrial hearing that he overruled the motion as well as his comment at trial that he overruled all the motions to sever was sufficient to preserve error.

A trial court has discretion to try two or more defendants jointly, if they were jointly or separately indicted for the same offense or for any offense growing out of the

same transaction. TEX.CODE CRIM.PROC. ANN. art. 36.09 (Vernon 1981). However, if it is made known to the court that there exists an admissible previous conviction against one defendant or that a joint trial would prejudice either defendant, then upon timely motion the trial court shall order a severance as to the defendant whose joint trial could prejudice the other defendant. Id. To preserve a complaint that the trial court abused its discretion in failing to order a severance, a defendant must make a timely motion to sever and introduce evidence thereon. Id.

■■■ With the court's approval, appellant adopted co-defendant Gibbons' motion for severance. However, during the pretrial hearing appellant did not present any evidence on his adopted motion. It is apparent from the record that, although the trial court allowed appellant to adopt co-defendant Gibbons' motion, he anticipated that appellant would present his own evidence in support of the adopted motion. We hold that by failing to present evidence on his motion, appellant failed to properly preserve error. *Ransonette v. State*, 550 S.W.2d 36, 41 (Tex.Cr.App.1976). Even assuming appellant could rely on Gibbons' evidence to support his motion to sever, we conclude the trial court did not abuse its discretion in failing to sever. A trial court has considerable discretion in deciding whether a joint trial would be so prejudicial to a particular defendant that a severance should be ordered. *Simon v. State*, 743 S.W.2d 318, 322 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). The defendant has the heavy burden of showing clear prejudice resulting from the denial of a request for severance. *Morales v. State*, 466 S.W.2d 293 (Tex.Cr.App.1970).

■■■ The adopted motion to sever urged that being tried with co-defendants John and Judy Lindley (who had previous, but not yet final convictions) had a prejudicial effect because the Lindleys were the target defendants in the investigation and they played an active rather than a passive role in the conspiracy. Gibbons presented evidence trying to establish that the court determined how to group the numerous defendants by looking at the degree of culpability of each defendant. However, evidence that the degree of guilt would be different among the defendants does not establish that degree of prejudice which would require reversal. *Morales*, 466 S.W.2d 293; *Mahavier v. State*, 644 S.W.2d 129, 133 (Tex.App.—San Antonio 1982, no pet.). We hold that appellant failed to show clear prejudice resulting from the trial court's denial of the motion to sever.

■■■ Appellant also contends the court erred in not granting the severance because the grouping was influenced by the prosecutor during ex parte communications with the trial court. This ground is waived as it was not urged by appellant in his adopted motion to sever. The point of error on appeal must be the same as the objection raised at trial or nothing is presented for review. *Burdine v. State*, 719 S.W.2d 309, 319 (Tex.Cr.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). Appellant's first point of error is overruled.

■■■ In his second point of error appellant contends the trial court erred in failing to grant his motion for mistrial on the basis that the prosecution commented on his failure to testify. During the State's final argument the prosecutor recalled the evidence concerning a phone conversation between John Lindley and Hudson where Hudson offered to sell a weapon to John Lindley for "two-and-a-half." John questioned Hudson whether they were talking about dollars. The prosecutor stated the following:

I've got a question for you at that point. If they're simply swapping money for guns, if that's what we're doing, then why would he have to ask that kind of question, two-and-a-half, are we talking dollars? It's because he doesn't know if Chris Hudson is talking in terms of dollars or in terms of grams, and that's why

he had to ask that question. *And Mr. Hudson in this same conversation— he's looked awful innocent sitting over there by his counsel in his sweaters and everything. He looks like a nice clean cut*—(interrupted by objections that the statement was a comment on the failure to testify). (Emphasis ours.)

An impermissible comment on the accused's failure to testify is made when the language used is either manifestly intended, or when the language is of such a character that the jury would naturally and necessarily take it as a comment on the failure to testify. *Losada v. State*, 721 S.W.2d 305, 313 (Tex.Cr.App.1986). The language must do more than indirectly allude to the defendant's failure to testify; it must necessarily refer to the accused's failure to testify. *McKay v. State*, 707 S.W.2d 23, 37 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). Comments that refer to non-testimonial ordinary courtroom demeanor may be an indirect comment on the defendant's failure to testify requiring reversal. However, in the instant case the prosecutor's remark was not such a comment. *Cf. Dickinson v. State*, 685 S.W.2d 320, 325 (Tex. Cr.App.1984) (comments that non-testifying defendant failed to express in the courtroom "remorse," "pity," or "shame" towards or for the victim); *Mason v. State*, 668 S.W.2d 726 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd) (comment referring to defendant sitting quietly during trial). The prosecutor's statement did not necessarily refer to appellant's failure to testify, and was not of such a nature that the jury would necessarily take it as a comment on the accused's failure to testify. Appellant's second point of error is overruled.

In his third point of error, appellant complains that the court erred in failing to give a jury charge on the lesser included offense of conspiracy. A jury must be charged on the lesser included offense if the lesser included offense is included in the proof necessary to establish the offense charged, and if there is some

evidence in the record that if defendant is guilty, he is guilty only of the lesser offense. *Livingston v. State*, 739 S.W.2d 311, 336 (Tex.Cr.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Cr.App.1981).

Criminal conspiracy is not the lesser-included offense of the offense of organized criminal activity. To prove criminal conspiracy the State would be required to prove delivery of 28 grams or more of cocaine because criminal conspiracy has to be an aggravated offense when it involves a controlled substance. Tex.Health & Safety Code Ann. § 481.108 (Vernon 1989); *Baker v. State*, 547 S.W.2d 627, 629 (Tex. Cr.App.1977). Yet under the organized crime statute no specific amount of delivery of cocaine had to be proved. Furthermore, although both offenses are first degree felonies, the conspiracy offense carries a greater punishment range. The organized crime punishment range is life or *not less than 5* or more than 99 years. The punishment range for criminal conspiracy involving the aggravated offense of delivery of cocaine is for life or for a term of not more than 99 years or *less than 15 years* and a fine not to exceed $250,000. Since the offense of conspiracy requires both greater proof and carries greater punishment, the trial court did not err in refusing to give the requested charge. Appellant's third point of error is overruled.

In his fourth point of error appellant contends the trial court erred by not including his requested instruction on specific intent. The State contends the trial court did not commit reversible error because the charge requested is substantially the same as the charge given. The appellant requested the following specific intent instruction:

Our law provides that to be guilty of engaging in organized crime as alleged in the indictment, the defendant must, with the intent to establish, maintain or participate in a combination or in the

profits of a combination, commit the offense of conspiracy to deliver a controlled substance, to wit, cocaine. If you believe from the evidence beyond a reasonable doubt that defendant committed the offense of conspiracy to distribute a controlled substance, to wit, cocaine, but you have a reasonable doubt as to whether at the time of the commission of the offense he intended to establish, maintain or participate in a combination or in the profits of a combination, you will acquit the defendant of engaging in organized crime.

The charge given to the jury includes the following:

Our law provides that a person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, such person knowingly or intentionally conspires to commit unlawful delivery of a controlled substance....

Before you would be warranted in convicting any one of the defendants for engaging in organized crime as alleged you must be satisfied from the evidence beyond a reasonable doubt:

(A) of the existence of a combination of five or more persons as alleged who collaborated in carrying on criminal activities as alleged; and

(B) of the intent on the part of such defendant to establish, maintain or participate in the combination or its profits as alleged; and

(C) of the agreement by such defendant with at least one other alleged person that the unlawful conduct alleged be engaged in by one or more of them; and

(D) that the defendant and at least one other alleged person performed an overt act as alleged in pursuance of the agreement.

Unless all of the foregoing requirements have been proved beyond a reasonable doubt as to any individual defendant, under the instructions herein given you,

then you must acquit that defendant and consider whether the requirements have been proved as to the other defendants individually.

We agree with the State that there is no error since the charge requested was substantially similar to the charge given. *LeDuc v. State,* 593 S.W.2d 678, 684 (Tex.Cr. App.1980); *Diaz v. State,* 648 S.W.2d 721 (Tex.App.—Corpus Christi 1983, no pet.). Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.