Black 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00315-CR







John Black, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0106320, HONORABLE MACE B. THURMAN, JR., JUDGE PRESIDING








 A Travis County jury convicted appellant John Black of aggravated robbery and
assessed punishment at life imprisonment and a $10,000 fine. See Tex. Penal Code Ann. § 29.03
(West 1994). (1) Appellant asserts that the trial court erred by: (1) denying appellant's motion to
sever and motion for a mistrial; (2) overruling appellant's objection to the State's use of its
peremptory strikes; (3) allowing the testimony of a State's witness who was not on the State's
witness list; (4) failing to provide a definition for "reasonable doubt"; and (5) admitting evidence
of a prior conviction for which the judgment and sentence were allegedly invalid. Appellant also
argues that the evidence was insufficient to support an affirmative finding on the enhancement
count of the indictment. We will affirm.

BACKGROUND AND DISCUSSION


 On the evening of November 26, 1990, two men robbed a convenience store in east
Austin. One man confronted the cashier, Robert Gomez, with a gun while the other stood at the
door. When the second man ordered the gunman to shoot, Gomez attempted to deflect the gun. 
The gunman fired three shots, two of which struck Gomez. One bullet inflicted permanent nerve
damage to Gomez's arm, the other remains lodged near his spine. Two video surveillance
cameras captured the incident on tape. Appellant and his brother, Joseph Black, were arrested
the following evening for the robbery and were tried together. After observing the video,
numerous State's witnesses identified appellant as the gunman and Joseph Black as the man at the
door. Gomez, however, testified that Joseph Black was the gunman. Three fingerprint experts
from the Austin Police Department testified that a print lifted from the store's door frame matched
that of Joseph Black.

 Appellant alleges in his first ten points of error that the trial court erred in refusing
to sever the trial. Appellant's first six arguments rest on federal and state constitutional grounds. 
However, appellant did not at any time invoke the federal or state constitution in his attempts to
obtain a severance in the trial court. Accordingly, any error with respect to these arguments has
not been properly preserved for review. Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App.
1990). Appellant's first six points of error are overruled.

 Appellant did, however, preserve for review his contention that he was entitled to
a severance under article 36.09 of the Texas Code of Criminal Procedure. Upon a showing that
a joint trial would be prejudicial to any defendant, article 36.09 requires that the trial court order
a severance. Tex. Code Crim. Proc. Ann. art. 36.09 (West 1981). The trial court's
determination of prejudice will not be disturbed on appeal unless the trial court abused its
discretion. Garza v. State, 622 S.W.2d 85, 91 (Tex. Crim. App. 1981). A trial court abuses its
discretion when it acts in an unreasonable and arbitrary manner or when it acts without reference
to any guiding principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). 
This Court may not reverse for abuse of discretion merely because we disagree with the trial
court's decision. Id. In addition to showing an abuse of discretion, an appellant must demonstrate
clear prejudice from the denial of a request for a severance in order to obtain relief. Hudson v.
State, 794 S.W.2d 883, 885 (Tex. App.--Tyler 1990, no pet.); Simon v. State, 743 S.W.2d 318,
322 (Tex. App.--Houston [1st Dist.] 1987, pet. ref'd). 

 Appellant claims in his seventh point of error that the joint trial prejudiced him
because his defense was antagonistic to his codefendant's. He claims that the defenses became
irreconcilably antagonistic when Gomez identified his brother as the gunman. For the defendants'
positions to require a severance, appellant must show that "`the jury in order to believe the core
of one defense must necessarily disbelieve the core of the other.'" Goode v. State, 740 S.W.2d
453, 455 n.2 (Tex. Crim. App. 1987) (quoting United States v. Lee, 744 F.2d 1124, 1126 (5th
Cir. 1984)). Our review of the record shows that while each codefendant contested the evidence
which placed him at the scene, neither attempted to exculpate himself by inculpating the other. (2) 
Appellant therefore was not entitled to severance based on antagonistic defenses. Appellant's
seventh point of error is overruled.

 Appellant also maintains that the trial court should have granted his motion to sever
because of his need for the codefendant's testimony. Appellant sought the codefendant's
testimony to rebut the testimony of Austin Police Officer John Townsend, who identified appellant
as the gunman in the videotape. During cross-examination, and later during direct examination,
appellant questioned Townsend about the last two times he had seen appellant in person. 
Townsend testified that he had seen appellant most recently six to twelve months before the trial,
and had seen him "maybe a couple of years" or possibly three years before that on the streets of
Austin. Appellant believed Joseph Black's testimony would show that appellant was not in Austin
two or three years earlier. 

 Appellant has not shown that Joseph Black would have testified on his behalf if a
severance had been granted; neither has he shown or suggested that this information was
unobtainable from another source. Based on these factors alone, it is questionable that appellant
suffered any prejudice for want of the codefendant's testimony as a result of the denial of the
motion to sever. Additionally, given the anticipated substance of the testimony at issue, we do
not believe that appellant was prejudiced by the unavailability of Joseph Black's testimony. At
best, Joseph Black's anticipated testimony would have been used to impeach Townsend's
testimony on a matter for which Townsend had already acknowledged uncertainty. In light of
this, appellant has failed to meet the "heavy burden" of showing clear prejudice from the denial
of his severance motion. Louis v. State, 825 S.W.2d 752, 757 (Tex. App.--Houston [14th Dist.]
1992, pet. ref'd); Hudson, 794 S.W.2d at 885. Appellant's eighth point of error is overruled. 

 In his ninth point of error, appellant claims that the denial of his motion to sever
prejudiced him as a matter of law because his codefendant's counsel had a duty to comment on
appellant's silence. Appellant argues that prejudice was demonstrated when the codefendant's
counsel commented on appellant's silence, and that the trial court abused its discretion by denying
the motion to sever after this comment was made. In his tenth point of error, appellant assigns
error to the trial court's refusal to grant a mistrial following this comment. 

 The Court of Criminal Appeals has stated that "if one codefendant is entitled to be
tried free of comment on his silence, and the other has no duty or is not entitled to comment on
the silence of the first, the trial judge need not grant separate trials; [the trial judge] need only
exclude the comment on timely objection." Webb v. State, 763 S.W.2d 773, 775 (Tex. Crim.
App. 1989). Appellant was entitled to a trial free of comment on his silence. See Tex. Code
Crim. Proc. Ann. art. 38.08 (West 1981); Webb, 763 S.W.2d at 775 n.2. However, he argues
that his codefendant had a duty to comment on appellant's silence, citing DeLuna v. United States,
308 F.2d 140 (5th Cir. 1962). DeLuna held that when an attorney's duty to his client requires
him to draw the jury's attention to a possible inference of guilt from the codefendant's silence,
severance should be granted. Id. at 141. In a later case, the Fifth Circuit explained that such a
duty to comment arises when one defendant seeks to demonstrate his innocence by implicating
only the codefendants. Gurleski v. United States, 405 F.2d 253, 264-65 (5th Cir. 1968). As
discussed above, our review of the record indicates that this was not the nature of the
codefendant's or appellant's defense. Thus, the codefendant's counsel was under no duty to bring
to the jury's attention an inference of appellant's guilt based on his silence. Accordingly, no
severance was required based on this alleged "duty to comment." Webb, 763 S.W.2d at 775. 
When the comment was actually made, the trial court was required only to "exclude the comment
on timely objection," which it did. Id. Appellant's ninth and tenth points of error are overruled.

 In points of error eleven and twelve, appellant argues under the federal constitution
and Batson v. Kentucky, 476 U.S. 79 (1986), that the trial court erred in overruling his objection
to the State's use of peremptory strikes on African-American venirepersons Bonner and McCall. 
Following appellant's objection at the conclusion of voir dire, the trial court conducted a Batson
hearing to determine the reasons for the State's use of its strikes. The State offered race-neutral
reasons for its exercise of these peremptory strikes, which the trial court accepted. In reviewing
claims of Batson error, we view evidence adduced at the Batson hearing in the light most
favorable to the trial court's ruling. Cantu v. State, 842 S.W.2d 667, 689 (Tex. Crim. App.
1992). We will not disturb the trial court's conclusion that the strikes were exercised in a race-neutral manner unless it is clearly erroneous. Id. 

 The prosecutor testified that the State struck venireperson Bonner because he was
a lawyer. He added that the State struck all lawyers on the panel, and even struck one
venireperson because she was married to a lawyer. Significantly, appellant did not attempt to
rebut this explanation. See Williams v. State, 804 S.W.2d 95, 101 (Tex. Crim. App. 1991) (when
State supplies race-neutral explanation for exercise of peremptory strike, burden shifts to
defendant to rebut explanation). 

 Appellant claims the State failed to demonstrate that any presumed bias associated
with lawyers as a group applied to venireperson Bonner. This, according to appellant, constitutes
a factor which renders the State's race-neutral reasons suspect. See Emerson v. State, 851 S.W.2d
269, 273 (Tex. Crim. App. 1993) (explanation based on group bias where bias is not shown to
apply to challenged venireperson suggests State's reasons are suspect). However, the State did
not claim to have struck the lawyers on the panel due to some presumed bias associated with them;
the prosecutor explained that he struck them simply because they were lawyers. Thus, appellant's
reliance on Emerson is misplaced.

 Regarding venireperson McCall, the prosecutor testified that she was struck because
she was asleep "for a large amount of time" during voir dire. On cross-examination, appellant's
counsel suggested to the prosecutor that other venirepersons were asleep. Appellant argues that
because the State did not exercise its strikes on other venirepersons who were sleeping, the State's
explanation as to McCall is suspect. See Keeton v. State, 749 S.W.2d 861, 866 (Tex. Crim. App.
1988) (explanation for striking minority juror is suspect when State does not strike persons with
same or similar characteristics). However, because the prosecutor testified that he did not observe
other venirepersons sleeping, the "comparative analysis" rationale explained in Keeton does not
apply. A prosecutor cannot be expected to exercise his or her strikes based on characteristics of
which he or she is not aware. Appellant seems to suggest that because the "preponderance of the
evidence" was that other venirepersons were sleeping, the prosecutor's claimed unawareness of
this fact is entitled to little weight. However, we accord great deference to the trial judge who
was present to assess the credibility of the prosecutor and his explanations. Salazar v. State, 818
S.W.2d 405, 408 n.8 (Tex. Crim. App. 1991). The evidence presented by appellant does not
compel us to revisit the trial court's determination of the credibility of the prosecutor's
explanations.

 Appellant further asserts that the State's "perfunctory" voir dire examination of
McCall raises an inference of impermissible motives. Our review of the record indicates that the
State's voir dire examination of McCall was not significantly different from that of the rest of the
panel. Appellant seems to admit as much when he states in his brief that "McCall was questioned
by the State more or less as much as any other venireperson." Thus, appellant's argument on this
point fails.

 The trial court found that the State offered race-neutral reasons for peremptorily
striking venirepersons Bonner and McCall. In light of the record, we do not believe the trial
court's actions were erroneous. Points of error eleven and twelve are overruled.

 Appellant also urges in points of error thirteen and fourteen that the State's
peremptory strikes of venirepersons Bonner and McCall violated the state constitution. 
Arguments under the Texas and United States Constitutions must be developed independently of
one another. Riddle v. State, 888 S.W.2d 1, 7-8 (Tex. Crim. App. 1994). Because appellant fails
to develop any argument as to how the standards for Batson challenges under the state constitution
differ from those under the federal constitution, points of error thirteen and fourteen are
overruled.

 In points of error fifteen and sixteen, appellant challenges the State's peremptory
strikes under article 35.261 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art.
35.261 (West 1989). Appellant did not invoke Article 35.261 when he objected to the State's use
of its peremptory strikes. Thus, nothing is preserved for our review under these points of error. 
See Rezac, 782 S.W.2d at 870; State ex rel. Curry v. Bowman, 885 S.W.2d 421, 425 (Tex. Crim.
App. 1993) (Batson objection not coextensive with objection based on article 35.261). We
overrule points of error fifteen and sixteen.

 In his seventeenth and eighteenth points of error, appellant claims that the trial
court erred in failing to define "reasonable doubt" to the jury. In Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991), the Court of Criminal Appeals rejected the use of the "other reasonable
hypothesis" construct for analyzing the sufficiency of circumstantial evidence. Id. at 161. As a
corollary to this change in the standard of review, the court imposed a requirement that trial courts
define "reasonable doubt" in the jury charge. Id. at 162. Appellant argues that Geesa "indicated"
that this rule should apply to all cases on appeal at the time it was handed down. (3) However, the
Court of Criminal Appeals in Geesa explicitly rejected this "limited retrospectivity" approach, and
applied the new rule only to the case at bar and all cases tried thereafter. Id. at 165; see also
Barnes v. State, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) ("reasonable doubt" definition
requirement announced in Geesa applies prospectively only). 

 Alternatively, appellant suggests that the "limited prospectivity" application of
Geesa is unconstitutional under the rationale of Harper v. Virginia Department of Taxation, 113
S. Ct. 2510 (1993). Appellant presents no argument as to why Harper renders the application of
Geesa unconstitutional, and does not even make clear whether he relies on the state or federal
constitution in support of his assertion. See McCambridge v. State, 712 S.W.2d 499, 502 n.9
(Tex. Crim. App. 1986) (if sufficient distinction between state and federal constitutional grounds
is not provided by counsel, ground of error may be overruled as multifarious). Consequently, we
must follow Geesa's clear instruction that its rules do not apply to appellant's case. Points of
error seventeen and eighteen are overruled. 

 In his nineteenth point of error, appellant argues that the trial court erred in
allowing the testimony of State's witness Bonnie Manno, who was not included on the witness list
furnished to appellant. "The standard of review for when a witness is permitted to testify who
was not included on the witness list is whether the trial court abused its discretion in allowing such
witness to testify." Richardson v. State, 744 S.W.2d 65, 77 (Tex. Crim. App. 1987), vacated
on other grounds, 113 S. Ct. 3026 (1993). In determining whether an abuse of discretion has
occurred, we consider whether the prosecutor in bad faith failed to disclose the name of the
witness, and whether the defendant could reasonably anticipate that the witness would testify. Id. 


 Manno's testimony concerned the identification of a fingerprint left on the door
frame of the convenience store. The State had previously called Officers Stocker and Dermody,
who testified that the print on the door frame matched that of Joseph Black. On cross-examination, Dermody testified that he had failed to identify the match the first time he examined
the prints. This fact was used to impeach Dermody's testimony. During a bench discussion
preceding Manno's testimony, the prosecutor explained that Manno was the supervisor of one of
the fingerprint examiners and that the State needed Manno's testimony to counter the cross-examination of Dermody and Stocker. Based on this explanation, the trial court allowed Manno's
testimony. 

 Appellant claims that the State could have anticipated the need for Manno's
testimony based on the conflict between Dermody's first and second fingerprint exams. 
Accordingly, appellant argues, the State's claim of surprise based on the cross-examination was
not credible and was in bad faith. However, the trial court determined that the State's explanation
was legitimate. This Court will not substitute its judgment for the decision of the trial court made
within its sound discretion. Montgomery, 810 S.W.2d at 380. Given the State's explanation, the
trial court could reasonably conclude that the State's failure to include Manno on the witness list
was not an act of bad faith. We thus find no abuse of discretion in allowing Manno's testimony. 
Point of error nineteen is overruled. 

 In his twentieth point of error, appellant argues that the trial court erred by
admitting in evidence an allegedly invalid judgment of conviction, which the State used to prove
the enhancement count of the indictment. Appellant asserts in his twenty-first point of error that
the evidence was insufficient as to the enhancement count, because no valid judgment was
introduced to prove the prior conviction. Appellant argues that the judgment in question did not
specify the crime to which appellant pleaded "not guilty," in violation of Code of Criminal
Procedure article 42.01. Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (3) (West Supp. 1995). 
The judgment also failed to specify the date or degree of the offense of conviction. Id. § 1 (14).

 Noncompliance with the statutory requirement that the judgment reflect the
defendant's plea to the offense charged does not render a conviction void, but merely voidable. 
Porter v. State, 757 S.W.2d 889, 891 (Tex. App.--Beaumont 1988, no pet). We believe the same
holds true of a judgment that fails to include the date or degree of the offense charged. See Ex
parte Dumitru, 850 S.W.2d 243, 245 (Tex. App.--Houston [1st Dist.] 1993, no pet) (if alleged
defect does not implicate jurisdiction of court or lack of capacity to act as a court, judgment is at
most voidable, not void). Furthermore, the failure of a judgment to comply with a provision of
article 42.01 is subject to reformation on direct appeal, but is not subject to collateral attack. 
Porter, 757 S.W.2d at 891. Because the judgment at issue is not void or subject to collateral
attack in this case, points of error twenty and twenty-one are overruled.

 Having overruled all of appellant's points of error, we affirm the judgment of
conviction.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: April 19, 1995

Do Not Publish 
1.   This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993
Tex. Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994 have
no substantive effect on this section, the current code is cited for the sake of convenience. 
2.   The jury charge allowed for appellant's conviction only on the theory that appellant was
the gunman. The charge allowed for Joseph Black's conviction only as a party to the offense. 
This removed any risk of harm to appellant at punishment based on this issue.
3.   Appellant relies on Geesa to insist that he was entitled to a "reasonable doubt" definition
in the charge, even though his case was not pending on appeal when Geesa was decided. 
Through oversight, appellant was not appointed appellate counsel before time to file notice of
appeal had expired. Appellant argues that, had counsel been timely appointed, his appeal
would have been pending when Geesa was handed down. Because the issue is immaterial to
our disposition, we will assume without deciding that appellant's appeal was pending when
Geesa was handed down.