TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00428-CR






Anthony Hurst, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,077, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of capital murder. Act of April 16, 1985, 69th Leg.,
R.S., ch. 44, § 1, 1985 Tex. Gen. Laws 434 (Tex. Penal Code Ann. § 19.03(a)(2), since
amended). The State having waived the death penalty, the district court assessed punishment at
imprisonment for life.

 On the night of September 5, 1993, Nathaniel Tabron drove to an apartment
complex in Killeen to purchase cocaine. While Tabron was negotiating in the parking lot with
a drug dealer named Red, Marvin Clair and Derick Posey approached Tabron's car. Clair pointed
a BB pistol at Tabron's head and attempted to seize the cash in Tabron's hand. Posey came to
Clair's aid when Tabron resisted. As the three men struggled, appellant walked up and fatally
shot Tabron with a .25 caliber pistol. 

 Appellant contends the evidence is legally insufficient to sustain his conviction for
capital murder. In determining the legal or constitutional sufficiency of the evidence to support
a criminal conviction, the question is whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App.
1981). Appellant does not deny that there is ample evidence under this standard to prove that he
killed Tabron and to prove that Clair and Posey were robbing Tabron when the shooting took
place. Appellant urges, however, that the State did not prove that he was acting with Clair and
Posey and therefore failed to prove that he killed Tabron in the course of committing or
attempting to commit robbery.

 The court's charge included an instruction on the law of parties and authorized
appellant's conviction both as a principal and a party to the offense. Tex. Penal Code Ann. §§
7.01, 7.02 (West 1994); see Livingston v. State, 542 S.W.2d 655, 660 (Tex. Crim. App. 1976)
(law of parties applies to prosecution for capital murder). Celester German testified that he spent
the day of September 5 at the apartment complex with, among others, appellant, Clair, and Posey. 
About two hours before the shooting, German overheard appellant and Clair saying "they needed
some money" and "they were going to do a robbery." From this testimony, and from the
circumstances of the offense itself, the jury could rationally infer that appellant, Clair, and Posey
conspired to commit robbery and that appellant shot Tabron in furtherance of the conspiracy. See
Tex. Penal Code Ann. § 15.02(b) (West 1994); Farrington v. State, 489 S.W.2d 607, 609 (Tex.
Crim. App. 1972) (conspiracy may be inferred from acts of parties). The jury could rationally
find beyond a reasonable doubt that appellant was a participant in the robbery during which
Tabron was murdered. Green v. State, 682 S.W.2d 271, 285-86 (Tex. Crim. App. 1984). When
viewed in the light most favorable to the verdict, the evidence supports a finding that appellant
intentionally murdered Tabron in the course of and as a party to the robbery. Point of error four
is overruled.

 In point of error three, appellant contends the district court erred by refusing to
instruct the jury on the lesser included offense of voluntary manslaughter. Penal Code, 63d Leg.,
R.S., ch. 399, sec. 1, § 19.03, 1973 Tex. Gen. Laws 883, 913, amended by Act of May 28,
1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1124 (Tex. Penal Code
Ann. § 19.04, since amended) (hereafter "section 19.04"). At the time of this offense, voluntary
manslaughter was a lesser included offense of capital murder if there was some evidence that the
murder was committed under the immediate influence of sudden passion arising from an adequate
cause. Sec. 19.04(a); Havard v. State, 800 S.W.2d 195, 216 (Tex. Crim. App. 1989). "Sudden
passion" means passion directly caused by and arising out of provocation by the person killed. 
Sec. 19.04(b).

 As appellant admitted to the district court when he requested the voluntary
manslaughter charge, there is no evidence of sudden passion in this case because there is no
evidence of provocation by Tabron. See Adanandus v. State, 866 S.W.2d 210, 231-32 (Tex.
Crim. App. 1993) (victim's attempt to defend against criminal assault cannot constitute adequate
cause from which sudden passion may arise). Moreover, there is no evidence that appellant was
in the immediate grip of anger, rage, resentment, or terror so great as to render him incapable of
cool reflection when he fired the fatal shot. Sec. 19.04(c). Appellant relies on testimony that
allegedly supports the conclusion that he was acting independently when he shot Tabron. While
this evidence may support a charge on the lesser included offense of murder, which was given,
it does not raise the issue whether appellant was under the influence of sudden passion arising
from an adequate cause when he fired the fatal shot. The district court did not err by refusing to
instruct on voluntary manslaughter. Point of error three is overruled.

 Clair and Posey gave statements to the police in which they implicated each other
and appellant in the robbery and murder of Nathaniel Tabron. Appellant did not give a statement. 
None of the three defendants testified at trial. In two related points of error, appellant contends
the district court erred by refusing to sever his prosecution from that of Clair and Posey and by
admitting his codefendant's written statements in evidence at the joint trial.

 A criminal defendant's right to confront the witnesses against him is violated by
the admission in evidence of a confession given by his nontestifying codefendant that incriminates
both defendants. Bruton v. United States, 391 U.S. 123, 135-36 (1968); see Pointer v. Texas, 380
U.S. 400, 403 (1965) (Fourteenth Amendment incorporates confrontation right). The
Confrontation Clause is not violated, however, if the nontestifying codefendant's confession is
redacted to eliminate any reference to the other defendant and the jury is instructed not to consider
the codefendant's confession in determining the other defendant's guilt. Richardson v. Marsh,
481 U.S. 200, 211 (1987); McMahon v. State, 582 S.W.2d 786, 793 (Tex. Crim. App. 1978);
Proctor v. State, 871 S.W.2d 225, 230 (Tex. App.--Eastland 1993, pet. granted). 

 Appellant filed motions to suppress the confessions given by Clair and Posey in
their entirety or, alternatively, "those portions which refer to and implicate this Defendant in the
offense." Ultimately, two statements given to the police by Posey were admitted in evidence after
being edited to remove, to the district court's satisfaction, incriminating references to appellant
and Clair. One statement by Clair was admitted after being similarly edited to omit references
to appellant and Posey. At trial, appellant stated that he had no objection to Clair's redacted
statement (state's exhibit 22) and thus waived any error in its admission. James v. State, 772
S.W.2d 84, 97 (Tex. Crim. App. 1989). The court instructed the jury not to consider the
confessions of Clair and Posey as evidence against appellant.

 Appellant contends that Posey's statements tended to incriminate him even after
redaction and therefore their admission violated the Bruton rule. As admitted, Posey's second
statement (state's exhibit 21) said: "I heard [blank space] say that he was going to jack someone. 
[R]ight after that [blank space] and [blank space] walked to a corner by themself [sic]. After their
little talk, [blank space] said he was going to jack someone again." Appellant argues that because
Posey was being tried with appellant and Clair, it was inferable that the persons referred to in the
redacted statement were appellant and Clair. In Marsh, however, the Supreme Court held that
the Bruton rule applies only to a confession that expressly incriminates another defendant. If the
confession incriminates another defendant only by inference, a proper limiting instruction is
sufficient to avoid a Sixth Amendment violation. Marsh, 481 U.S. at 208-09. Because Posey's
second statement, after redaction, did not expressly refer to or incriminate appellant and because
a limiting instruction was given, the admission of exhibit 21 did not violate Bruton.

 A closer question is presented by Posey's first statement (state's exhibit 20) because
every reference to appellant was not removed before the statement was admitted in evidence. The
district court permitted this portion of the statement to remain in the exhibit: "The last time I saw
Anthony was when I walked over to his house two days after the shooting. I heard the law went
to Anthony's house, but when they got there, Anthony was gone." The State argues that this
passage does not incriminate appellant and therefore Bruton was not violated by permitting it to
remain. 

 Bruton error can be harmless. Schneble v. Florida, 405 U.S. 427, 430 (1972);
Wilder v. State, 583 S.W.2d 349, 357-58 (Tex. Crim. App. 1979). Although exhibit 20 referred
to appellant by name, the reference was not expressly incriminating. The reference to the "last
time I saw Anthony" suggests that Posey saw appellant earlier, however, and the jury could infer
that it happened at the scene of the shooting. The possibility that the jury might draw this
possibly incriminating inference was cured by the court's limiting instruction. Marsh, 481 U.S.
at 208-09. Given the other evidence of appellant's involvement in the offense, the error, if any,
in admitting exhibit 20 was harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2).

 Appellant also argues that to the extent Posey's statements were against appellant's
interest, they were inadmissible hearsay. Cofield v. State, 891 S.W.2d 952, 955-56 (Tex. Crim.
App. 1994); Bass v. State, 527 S.W.2d 556, 558 (Tex. Crim. App. 1975). As previously
discussed, however, the statements were redacted to remove all expressly incriminating references
to appellant and the remaining reference to appellant in exhibit 20 was, at most, harmless error.

 In summary, appellant waived any error in the admission of Clair's redacted
statement, exhibit 22. For the reasons stated, Posey's second redacted statement, exhibit 21, was
not inadmissible hearsay and its admission was not Bruton error. Posey's first redacted statement,
exhibit 20, also was not inadmissible hearsay and any Bruton error was harmless. Point of error
two is overruled.

 Under Bruton, a defendant is entitled to a severance if it is not possible to redact
a nontestifying codefendant's confession so as to remove any incriminating reference to him. Ex
parte Mitchell, 608 S.W.2d 915, 917 (Tex. Crim. App. 1980); McMahon, 582 S.W.2d at 793;
Tex. Code Crim. Proc. Ann. art. 36.09 (West 1981). Because appellant does not bring forward
any Bruton error with respect to the statements of Clair and Posey, or at least none that was
harmful to appellant, it follows that no severance was required to avoid Bruton error.

 A severance is also required when codefendants have conflicting defense strategies,
as when one defendant is entitled to comment on the silence of the other. Webb v. State, 763
S.W.2d 773, 775 (Tex. Crim. App. 1989). Appellant argues that counsel for Clair referred to
appellant's silence when he questioned a police officer as follows:


Q. Investigator Ortiz, from roughly September 28, 1993 until January 21 of
'94 were you and other members of the Killeen Police Department actively
looking for Anthony Hurst?


A. Yes, sir.


Q. As a suspect in this capital murder offense?


A. Yes, sir.


Q. And tell the jury what efforts you made to locate him.


A. Going over to different people's homes, acting on tips that I had received
from different parties. I would follow up those leads, try to -- try to find
him based on the tips that we would get from people calling the police
department where he might be, et cetera.


Q. He never voluntarily came in and talked with you about any of this?

A. No, sir.



Appellant voiced no objection to this questioning. 

 Appellant also complains that the prosecutor referred to his silence when he
objected to the admission of Clair's full, unredacted statement: "Your Honor, we would object
for the reasons made obvious to the Court outside the presence of the jury that that would be a
violation of the Bruton rule. It would incriminate other defendants besides Clair." Again,
appellant did not object. 

 A defendant seeking a severance pursuant to article 36.09 has the burden of timely
filing a motion and offering evidence to support his allegations. Robinson v. State, 449 S.W.2d
239, 240 (Tex. Crim. App. 1969). At the hearing on appellant's motion to sever, appellant
asserted but offered no evidence to prove that his codefendants would pursue a defense strategy
antagonistic to appellant. When the incidents of which appellant complains occurred, he did not
object, request an instruction to disregard, or move for a severance. Appellant urges that the
district court was obligated to order a severance on its own motion, citing Goode v. State, 740
S.W.2d 453 (Tex. Crim. App. 1987). Goode is both factually and legally distinguishable and
does not support the proposition for which it is cited. The Court of Criminal Appeals has
repeatedly stated that a defendant must request a severance under article 36.09. McMahon, 582
S.W.2d at 793; Moore v. State, 504 S.W.2d 904, 905 n.1 (Tex. Crim. App. 1974); Carey v.
State, 455 S.W.2d 217, 223 (Tex. Crim. App. 1970); Robinson, 449 S.W.2d at 240.

 The one isolated question by Clair's counsel does not constitute or prove the
existence of a "conflicting defense strategy." Any harm flowing from this question could have
been cured by an instruction to disregard. The improper remark by the prosecutor was not a
foreseeable result of trying appellant and his codefendants jointly, and this error also could have
been cured by an instruction to disregard. The district court has not been shown to have erred
by overruling appellant's motions to sever. In the absence of any timely objection or request for
relief, the two reverences to appellant's silence of which appellant complains do not present
reversible error. Point of error one is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: May 17, 1995

Do Not Publish